Entered on Docket
June 25, 2015
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



IT IS SO ORDERED.
Signed June 25, 2015

Arthur S. Weissbrodt
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No. 11-61177-ASW |
| DREW NOMELLINI, | Chapter 13 |
| Debtor. | |
| DREW NOMELLINI, | Adv. Pro. No. 14-05083-ASW |
| Plaintiff, | |
| v. | |
| UNITED STATES OF AMERICA INTERNAL REVENUE SERVICE and STATE OF CALIFORNIA FRANCHISE TAX BOARD, | |
| Defendants. | |

**MEMORANDUM DECISION RE: DEFENDANT'S MOTION TO DISMISS AND
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Before the Court are two motions. The first is a motion to dismiss under Fed. R. Civ. P. 12(b)(6) filed by Defendant United States of America, Internal Revenue Service ("IRS"), which is represented by attorney Thomas Newman. The second is a motion for summary judgment filed by Plaintiff and Debtor Drew Nomellini, who is represented by attorney Cathleen Moran. For the reasons

explained below, the Court grants the IRS's motion to dismiss and denies Plaintiff's motion for summary judgment.

**I. FACTS**

In this adversary proceeding, Debtor seeks a determination of the extent of the IRS' interest in the proceeds of Debtor's real property. Debtor's originally filed schedules listed the value of his real property at 520 St. Claire Drive, Palo Alto, CA (the "Property") as $950,000 as of the petition date of December 6, 2011. Schedule D shows a first deed of trust in the amount of $980,190.24. Debtor also listed personal property worth $10,000.

The IRS filed a proof of claim on January 4, 2012 in the total amount of $214,520.27, based on taxes due for the years 2003-2006. The IRS listed $10,000 as secured and $204,520.27 as unsecured. The IRS's valuation of its secured claim was based entirely on the value of Debtor's personal property, because the schedules indicated there was no equity in the Property to which the IRS's lien attached. Attached to the proof of claim was a copy of a federal tax lien that was recorded on August 13, 2009. The IRS has been paid $10,000 on its original secured claim.

Debtor's Second Amended Plan filed January 18, 2012 was confirmed by order entered February 29, 2012. The plan lists the IRS in paragraph 2(b) as a creditor with an allowed secured claim, with collateral valued at $10,000. The plan provides, with respect to the allowed secured claims listed in paragraph 2(b):

> The valuations shown above will be binding unless a timely objection to confirmation is filed. Secured claims will be allowed for the value of the collateral or the amount of the claim, whichever is less, and will be paid the adequate protection payments and the interest rates shown above. If an interest rate is not specified, 7% per

annum will be paid. The remainder of the amount owing, if
any, will be allowed as a general unsecured claim paid
under the provisions of 2(d).

The Second Amended Plan provided that property of the estate would re-vest in Debtor upon discharge or dismissal and did not provide for the sale of the Property. On May 14, 2014, Debtor filed a second amended motion to modify the plan, which the Court granted on June 6, 2014. Among other things, the modified plan provided for the Property to be sold within eight months from the date the modification was approved, and for estate property to re-vest in the Debtor upon confirmation. Shortly thereafter, Debtor filed a motion to sell the Property for $2,175,000, $1,039,919.84 of which was to be disbursed to Debtor. The IRS immediately amended its proof of claim to provide that the entire amount of its claim was secured. Debtor objected to the amended proof of claim. The parties agreed to let the sale close, with proceeds to be distributed pending further order of this court. Thereafter, Debtor filed this adversary proceeding.

The IRS moves to dismiss the complaint on the grounds that as a matter of law, the confirmation of the modified plan did not bind the IRS to the value of its original claim because Debtor gave no notice in the motion to modify that the sale was for a price sufficient to satisfy the IRS's lien or that Debtor intended to avoid the IRS's lien.

Debtor contends that the IRS is bound by the confirmation of the Debtor's plan, which fixed the amount of the secured claim at $10,000.

## II. STANDARD ON MOTION TO DISMISS

Under Fed. R. Civ. P. 12(b)(6) (applicable in bankruptcy via Fed. R. Bankr. P. 7012), a court must dismiss a Complaint if it fails to state a claim upon which relief can be granted. To survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). This standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in favor of the nonmoving party. Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987).

## III. SUMMARY JUDGMENT STANDARD

Summary judgment shall be rendered by the Court if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56, incorporated in bankruptcy via Fed. R. Bank. P. Rule 7056; Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corporation, 475 U.S. 574, 584-85 (1985). All inferences must be

drawn against the moving party. <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 158-59 (1970); <u>United States v. Diebold, Inc.</u>, 369 U.S. 654, 655 (1962). Where a rational trier of fact could not find for the non-moving party based on the record as a whole, there is no "genuine issue for trial." <u>Matsushita Elec. Indus. Co.</u>, 475 U.S. at 587.

**IV. ANALYSIS**

Although framed in different ways – one as a motion to dismiss under Fed. R. Civ. P. 12(b)(6) and the other a motion for summary judgment under Fed. R. Civ. P. 56, the parties' motions both require this Court to determine, on undisputed facts, the legal effect of the confirmed plan on the IRS's lien. As explained below, confirmation of Debtor's plan did not modify the IRS's *in rem* lien rights when no notice was given that the value of the Property had substantially increased or that Debtor intended to avoid the balance of the IRS's statutory lien. <u>In re Brawders</u>, 503 F.3d 856 (9th Cir. 2007); <u>see also</u> <u>United Student Aid Funds, Inc. v. Espinosa</u>, 559 U.S. 260 (2010).

The issue here is whether, under the provisions of Debtor's confirmed plan, the IRS is entitled to any of the proceeds of the sale of Debtor's real property based on the federal tax lien recorded August 13, 2009, when the IRS has already been paid the full amount of its allowed secured claim as set forth in the confirmed plan.

The Court finds that binding Ninth Circuit authority, as set forth in <u>Brawders</u>, controls the outcome. In <u>Brawders</u>, the Ninth Circuit BAP reversed and remanded the bankruptcy court's finding

that, upon plan confirmation, debtors' residence re-vested in them free of any lien interest held by Ventura County on account of its pre-petition claims, where the plan provided for the County's secured claim but did not purport to affect the County's lien. In re Brawders, 325 B.R. 405 (9th Cir. BAP 2005). The Ninth Circuit Court of Appeals affirmed the BAP and adopted the BAP's opinion and reasoning. Brawders, 503 F.3d at 859.

The BAP reasoned that although principles of *res judicata* and finality can make even "illegal" provisions of a Chapter 13 plan binding, this proposition is subject to "major limitations."

First, a debtor asserting *res judicata* "has the burden of proof on all elements and bears the risk of non-persuasion." Id. at 867 (citation omitted).

Second, a plan must clearly state its intended effect; if it fails to do so, the plan may not have *res judicata* effect. If the plan provisions are ambiguous, any ambiguity is interpreted against the debtor and may reflect that the court that originally confirmed the plan did not make a final determination of the matter. Id.

Third, under principles of due process, the affected creditor must have adequate notice that its interests are being impacted. Id.

These limitations are especially important when secured claims are involved because "liens ordinarily pass through bankruptcy unaffected, regardless whether the creditor holding that lien ignores the bankruptcy case, or files an unsecured claim when it meant to file a secured claim, or files an untimely claim after the bar date has passed." Id. at 867-68 (citing In re Bisch, 159 B.R. 546, 550 (9th Cir. BAP 1993)) (additional citations omitted).

In <u>Brawders</u>, based on the foregoing principles, the BAP (and the Ninth Circuit) held that the confirmed plan affected only the County's claim against the bankruptcy estate, but did not affect the County's *in rem* rights. This holding was based on the fact that the plan did not explicitly put the County on notice that its *in rem* rights were being affected, nor did the debtors bring an adversary proceeding seeking a declaratory judgment or partial lien avoidance limiting the County's *in rem* rights.

Here, the lien at issue is based on a Notice of Federal Tax Lien recorded against the Property, which secures the IRS's claim for approximately $214,552 in unpaid income taxes. Once the lien was properly recorded against the Property, the Property itself became liable for the underlying tax debt. <u>Bisch</u>, 159 B.R. at 549.

Debtor cites a number of cases, none of which are controlling here, in support of his position that, because the IRS was bound by the provisions of the confirmed plan and was paid the full amount of its secured claim as set forth in the plan, the IRS is not entitled to be paid any of the proceeds from the sale of the home. <u>In re Hebert</u>, 61 B.R. 44 (Bankr. W.D. La. 1986) (IRS bound by provisions of confirmed plan; therefore, attempting to collect interest violated automatic stay); <u>In re Campbell</u>, 180 B.R. 686 (M.D. Fla. 1995) (where amount of secured claim had been litigated, IRS was required to release its lien after payment of its allowed secured claim even where unsecured claim remained unpaid); <u>In re Fox</u>, 142 B.R. 206 (Bankr. S.D. Ohio 1992) (where creditor did not object to confirmation, value of property set forth in schedules is final determination of value); <u>In re Black</u>, No. 99-0267-PHX-PGR, 2000 U.S. Dist. LEXIS 5880 (D. Ariz. Mar. 30, 2000) (district court

affirmed bankruptcy court's order granting chapter 12 debtor's motion to set aside tax lien where order confirming plan stated that all tax liens were extinguished).

Debtor also cites a number of cases holding that valuation is to be done as of the petition date, regardless of any change in value of collateral over the course of the chapter 13 case. In re Dean, 319 B.R. 474 (Bankr. E.D. Va. 2004) (in context of adversary proceeding to determine value of residential property, valuation is as of petition date); In re Evora, 242 B.R. 560 (Bankr. D. Mass. 1999), aff'd, 255 B.R. 336 (D. Mass. 2000) (denying motion to reconsider order valuing creditor's collateral, which had increased in value); In re Meeks, 237 B.R. 856, 860 (Bankr. M.D. Fla. 1999) (court would not permit debtors to reduce amount of claim secured by automobile, because secured claims are fixed as of petition date); In re Warren, 499 B.R. 914 (Bankr. S.D. Ga. 2013) (bankruptcy court would not reduce amount of creditor's secured claim due to post-confirmation decline in real property value); In re Rutt, 457 B.R. 97, 101 (Bankr. D. Colo. 2010) (same); In re Moncree, 511 B.R. 922 (Bankr. E.D. Wis. 2014) (same); In re Chiapetta, 2009 WL 2821527 (Bankr. N.D. Cal. Jun. 8, 2009) (same, citing In re Nolan, 232 F.3d 528 (6th Cir. 2000); and In re Adkins, 425 F.3d 296, 302 (6th Cir. 2005) (where secured claim has been valued as part of a confirmed plan, value cannot be altered by subsequent amendment).

Debtor attempts to distinguish Bisch and Brawders. In Bisch, the Ninth Circuit BAP defined the issue on appeal as whether a federal tax lien, which was not listed as secured in an otherwise timely filed proof of claim, and not provided for in a Chapter 13

plan, remains valid despite confirmation of the plan. Debtor contends that the facts here are distinguishable because the IRS's proof of claim included a secured claim and the Debtor's plan provided for payment of the IRS's allowed secured claim. Debtor points out that <u>Brawders</u> involved a first position statutory lien for property taxes which could not be bifurcated, while here, the IRS lien is behind the consensual liens on the Property. These arguments miss the critical distinction – the issue here is not the treatment of the IRS <u>claim</u>, but whether confirmation could affect the IRS's *in rem* rights, where the plan did not explicitly put the IRS on notice that its *in rem* rights were being affected.

Debtor contends that the IRS had notice, relying on the fact that the declaration in support of Debtor's application to employ a real estate broker included a copy of the listing agreement showing the listing price to be $1,800,000. This contention is meritless. First, there is no evidence in the record that the IRS was served with the application to employ or the supporting declaration – the Certificate of Service filed May 13, 2014 (docket no. 95) shows service on the chapter 13 trustee and the United States Trustee only. Second, neither the application to employ nor the motion to modify mentioned the sale price or any intent to strip or otherwise affect the IRS's lien.

Further, Debtor relies on language in the confirmed plan, quoted previously, providing that the valuations of secured claims will be binding unless a timely objection to confirmation is filed, and that any amount owing above and beyond the secured amount will be paid as an unsecured claim. However, such general language regarding the amount and treatment of claims is insufficient to

affect a secured creditor's *in rem* lien rights. See <u>In re Shook</u>, 278 B.R. 815, 824 (9th Cir. BAP 2002) ("a plan can effectively determine value and/or avoid a lien only if the creditor receives clear notice that the plan will do so.").

It makes no difference that the IRS submitted a proof of claim in which it asserted a $10,000 secured claim, relying on the valuations in Debtor's schedules. See <u>Brawders</u>, 503 F.3d at 867-68 (liens pass through bankruptcy unaffected even if a secured creditor incorrectly files an unsecured claim that should have been secured). See also <u>Bisch</u>, 159 B.R. at 549 (IRS could rely on federal tax lien for satisfaction of underlying tax debt despite the fact that the IRS had filed an unsecured proof of claim).

Debtor also cites § 1327(c), which provides that "the property vesting in the debtor under subsection (b) of this section is free and clear of any claim or interest of any creditor provided for by the plan." Debtor interprets this provision as meaning that the Property vested in the Debtor upon confirmation free and clear of the IRS's lien. This is incorrect.

Claims and interests are not the same thing. <u>Brawders</u>, 503 F.3d at 872 (citing <u>In re Work</u>, 58 B.R. 868 (Bankr. D. Or. 1986)). The <u>Brawders</u> court adopted the analysis in <u>Work</u> that the term "claim" does not include claims against property of the debtor but the term "interest" does, concluding that "a plan that provides for a claim but does not provide for an interest in property securing that claim does not affect the interest of the creditor in the property." <u>Id.</u> at 872. Accordingly, the court held that debtors' property vested free of the tax claim, but not free of the lien. <u>Id.</u>

Debtor has cited no controlling authority contrary to Brawders. Debtor argues that once the amount of the secured claim is fixed, the amount cannot be changed, citing numerous decisions from outside the Ninth Circuit. Even if this is the rule, the issue, as noted above, is not the amount of the IRS's secured claim, but whether the IRS's lien remained attached to the Property after confirmation. The plan may have limited the amount that the IRS would receive from Debtor's plan. However, the plan does not limit the *in rem* rights of the IRS to recover the entire debt directly against the Property. See Brawders, 503 F.3d at 871; Shook, 278 B.R. at 824 ("Although a secured creditor is bound by the plan, this does not mean that a debtor can void or otherwise extinguish a creditor's lien without addressing the lien in the plan.").

Because Debtor has never stripped or modified the IRS lien against the Property, either by motion or through his plan, under controlling Ninth Circuit authority, the IRS's lien was not affected by plan confirmation, and the IRS had a valid lien against the Property at the time of sale. That lien was enforceable to the full extent of the underlying unpaid tax assessment and should be paid from the proceeds of the sale being held by the Trustee.

### V. CONCLUSION

For these reasons, the IRS's motion to dismiss is granted, and Debtor's motion for summary judgment is denied. The Trustee shall be the disbursing agent on the IRS's amended secured claim.

///

Counsel for the IRS may submit proposed forms of orders for both motions.

**\*\*\* END OF MEMORANDUM DECISION \*\*\***

**Court Service List**

Parties to be served electronically.